Pardee, Circuit Judge.
On the 25th day of October, 1889, the Norwegian bark Arab Steed, then lying at Buenos Ayres, was chartered by W. S. Keyser, of Pensacola, to take a cargo of sawn pitch pine timber or boards or plank to any port in the United Kingdom of Great Britain. The charter contained the usual general clauses, and, in addition, the following special stipulations, which are the subject of dispute in this case: “Seventeen working days are to be allowed the said merchants in which to deliver the cargo at port of loading, which is understood to mean ‘actual delivery of cargo alongside,’ and not to complete loading. In the computation of the days allowed for delivering the cargo shall be excluded any time lost by reason of drought, floods, storms, or any extraordinary occurrence beyond the control of the charterers. Demurrage to be paid for each working day beyond the days allowed for loading at £9 per day, and the charterers may keep the ship on demurrage ten days. ” The libel avers that the vessel arrived at Ship island January 6,1890, and was ready to receive cargo on the 10th, and that the lay days expired February 1st, which is admitted by the answer. It is also averred in the libel and admitted by the answer that delivery of cargo did not commence until March 3, 1890, and was not completed until the 27th. As excuse for this delay, defendant alleges “that it is expressly stipulated and agreed in the charter that in the computation of the days allowed for delivering cargo shall be excluded anytime lost by reason of drought, storms, floods, or any extraordinary occurrence beyond the control of the charterers. Arid respondent alleges that, at the time said vessel reported for cargo under the terms of said charter party, there was an unusual drought, general and extensive, prevailing throughout the whole section of the country from which timber is obtained for the loading of ships at Ship island, Moss point, and other points in that vicinity, which drought continued a long while, and prevented this respondent from obtaining cargo for the loading of said vessel, notwithstanding he had made arrangements for procuring cargo for her, and would have procured same for her in ample time to have delivered it to her within the period of seventeen working days, but for said drought. And this defendant further alleges that, on various days during the time the said vessel remained at Ship island in readiness for cargo, storms prevailed, which rendered it impossible for timber to be delivered to her‘except at great risk and hazard. And * .* * that, excluding the time lost by reason of said drought and storms, he delivered the cargo to said vessel within the period required by the terms of said charter. ”.
It will be seen that the case is very similar to that of Sorensen v. Keyser, 52 Fed. Rep. 163, (just decided.) The differences are that a lesser number of *169 working days were allowed within which to load the vessel, a lesser rate of demurrage, and that the cargo to be furnished was sawn pitch pine timber, in which last respect the case is still stronger than that of Sorensen v. Keyser, as it is clear that the charterers had not only to procure the timber, and have the same floated to the place for storage, but the timber was additionally to be passed through the mills prior to shipment. From the demurrage days claimed, and ordinarily expiring on.February 1st, we deduct January 10th, 11th, 13th, and 14th as stormy days, leaving 36 days for which demurrage is due, at £9 per day.
For the reasons given in Sorensen v. Keyser, it is ordered that the decree of the district court appealed from be and the same is hereby reversed; that this cause be remanded to the district court, with instructions to enter a decree in favor of libelants for the sum of $1,576.58, and costs, together with the costs of this appeal.